**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13 CR 312** |
| | ) | |
| **EDWARD J. NOVAK, et al.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Three of the defendants in this case, Venkateswara Kuchipudi and Percy May,

who are medical doctors, and Shanin Moshiri, a doctor of podiatric medicine, have

moved to dismiss charges against them under the Medicare/Medicaid anti-kickback

statute, 42 U.S.C. § 1320a-7b.  Count 3 of the superseding indictment, which names Dr.

Kuchipudi, is a representative example.  It incorporates various allegations from Count

1, a conspiracy charge, and then alleges that Dr. Kuchipudi knowingly and willfully

solicited and received the following:

> remuneration in the amount of $2,083.08 from Sacred Heart [Hospital], in
> the form of a Sacred Heart Hospital payroll check . . . made payable to
> Employee A, as an indirect payment to Kuchipudi, in return for Kuchipudi
> referring patients to Sacred Heart for the furnishing and arranging for the
> furnishing of services for which payment may be made in whole and in
> part under a federal health care program, namely Medicare and Medicaid;
>
> In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A),
> and Title 18, United States Code, Section 2.

Superseding Indictment, Ct. 3.  One of the incorporated paragraphs from Count 1

describes "Employee A" as follows:

> Employee A was a physician assistant licensed to practice in Illinois.
> Employee A worked at Sacred Heart and the May Medical Center treating

> patients for Percy Conrad May, Jr.  Thereafter, Employee A worked at
> Sacred Heart, Brookpark Medical Center, and nursing homes treating
> patients for Venkateswara R. Kuchipudi.

*Id.*, Ct. 1 ¶ 1(v).  Another incorporated paragraph from Count 1 describes Brookpark

Medical Center as a business owned by Dr. Kuchipudi that operated a medical clinic in

Brookfield, Illinois.  *Id.* ¶ 1(p).

The charges against Dr. May include some that are like those against Dr.

Kuchipudi, but they also include three that involve the hospital's making of rent

payments for the May Medical Center, a facility separate from the hospital that May is

alleged to have owned.  *See id.*, Cts. 27, 29 & 31 & Ct. 1 ¶ 1(q).  The charges against

Dr. Moshiri allege that he received payments in return for referring patients and, in the

title of the counts in question, say these were characterized as payments for teaching.

*See id.*, Cts. 45, 47 & 49.  The Court will deal with Dr. Kuchipudi's arguments first,

because in doing so the Court can address points that apply to all of the defendants'

motions, and will then return to points that are specific to the motions by Drs. May and

Moshiri.

The anti-kickback statute makes it illegal to knowingly and willfully solicit or

receive remuneration in return for (among other things) referring an individual to a

person to furnish services or items for which payment may be made under Medicare or

Medicaid, and to knowingly and willfully offer or pay remuneration to refer an individual

to a person for the furnishing of services of items for which payment may be made

under those programs.  42 U.S.C. § 1320a-7b(b)(1) & (2).  Another subparagraph of the

same statutory provision, commonly called the safe harbor, says that these prohibitions

"shall not apply to," among other things, "any amount paid by an employer to an

2

employee (who has a bona fide employment relationship with such employer) for employment in the provision of covered items or services . . . ." *Id.* § 1320a-7b(b)(3)(B).

Drs. Kuchipudi, Moshiri, and May each contend that the charges against them under the anti-kickback statute fail to state an offense. Their contention is that the indictment fails to negate, or affirmatively concedes, the application of the safe harbor. A great deal of ink has been spilled on these motions, but their resolution, in the Court's view, is fairly simple.

It is settled law that an indictment is sufficient if it states all the elements of the crime charged, adequately informs the defendant of the nature of the charges so that he may prepare a defense, and allows him to plead the judgment as a bar to future prosecutions. *See, e.g., United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010). The offense charged in the counts at issue is violation of the anti-kickback statute. There is no question that the government has alleged each of the elements of an offense under the pertinent provision and that it has done so by essentially adopting the language of the statute itself. The indictment "is reviewed on its face, regardless of the strength or weakness of the government's case." *White*, 610 F.3d at 958. And when it tracks the language of a federal criminal statute, as is the case here, that is typically sufficient. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007).

The gist of the defendants' motions is that the indictment brings the safe harbor provision quoted above into play in a way that either establishes its applicability or requires the government to affirmatively negate its applicability in the indictment. The government responds that the safe harbor is an affirmative defense, not in the sense that the defendant bears the burden of proving it, but rather in the sense that the

government is not required to disprove it unless and until there is evidence that indicates that it applies. *See* Govt's Resp. to Kuchipudi's Mot. to Dismiss at 7. The defendants do not appear to argue otherwise. An indictment, however, is not required to anticipate affirmative defenses or negate statutory exemptions. *See United States v. Sisson*, 399 U.S. 267, 287 (1970); *McKelvey v. United States*, 260 U.S. 353, 357 (1922).

The defendants respond that the indictment itself contains allegations that are sufficient to bring the safe harbor exemption into play and that the government has, in essence, pled itself out of court (Dr. Kuchipudi, in fact, uses that very phrase in one of his briefs). The Court disagrees. Though the indictment refers to Employee A—and the corresponding individuals cited in the other charges in question—as "employees," the indictment does not allege they were *bona fide* employees of Sacred Heart Hospital, which is the predicate for the safe harbor provision on which the defendants rely. Dr. Kuchipudi seems to contend that calling someone an "employee" necessarily implies the person is a *bona fide* employee, but he is reading too much into the allegation in question. In any event, when considering a motion to dismiss an indictment, the Court takes the facts alleged in the indictment as true and views them in the light most favorable to the government. *See, e.g., United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999). Viewed in that light, the allegation appears to be that although on the payroll of the hospital, Employee A (and the corresponding persons in the other similar charges) was in fact the employee of the defendant and thus was not a *bona fide* employee of the hospital.

The Court has no doubt that the *bona fide* employee issue will be a significant contested point at trial.  But that, not a pretrial motion, is the place to contest it.  A good deal of what Dr. Kuchipudi argues (to use his submissions as an example) amounts to an attack on the government's ability to disprove the *bona fide* employee exemption. For better or worse, however, there is no such thing as a motion for summary judgment in a criminal case.  *See* Fed. R. Crim. P. 12(b)(2) (party may raise by pretrial motion "any defense . . . that the court can determine *without a trial of the general issue*") (emphasis added).  And the recently-enhanced pleading requirements that apply to civil cases, *see generally Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), which require a plaintiff to allege facts sufficient to make its claim plausible, likewise do not apply in the criminal context.  The "proverbial visitor from Mars," *see Riley v. California*, --- S. Ct. ---, 2014 WL 2864483, at *9 (U.S. June 25, 2014), might well conclude from this dichotomy that our justice system has a greater concern with protecting the interests of civil defendants than criminal defendants.  The fact is, however, that an indictment that "parrot[s] the language of a federal criminal statute" is sufficient except in circumstances that do not apply here.  *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013) (internal quotation marks omitted).

Dr. May's motion also asserts the applicability of an additional provision of the safe harbor, specifically, a regulation that covers certain types of lease arrangements. In addition to the points discussed above, resolution of the applicability of this provision requires determination of matters that are beyond the language of the indictment and thus are inappropriate for resolution on a motion to dismiss.  Similarly, Dr. Moshiri contends that the payments he received are covered by a safe harbor provision that

covers payments for teaching residents. This motion, like the others, likewise involves determination of issues beyond the language of the indictment that cannot appropriately be resolved on a motion to dismiss.

The defendants also argue that if the charges in question state an offense, then the statute on which they are based is unconstitutionally vague as applied to their conduct. This challenge fails, at least on the record currently before the Court. The statutory prohibition and the safe harbor provisions describe with reasonable clarity what is prohibited and what falls within the safe harbor in a way that an ordinary person can understand it. That is sufficient to satisfy the requirements of due process. *See, e.g., City of Chicago v. Morales*, 527 U.S. 41, 56 (1999); *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

Finally, the Court overrules, for purposes of the motion to dismiss, the defendants' contention that the "entrapment by estoppel" doctrine applies and requires dismissal of the charges under the anti-kickback statute. This defense typically requires a showing that a government official with actual or apparent authority assured or misled the defendant to believe that what he was doing was legal. *See, e.g., United States v. Baker*, 438 F.3d 749, 753 (7th Cir. 2006); *see also* 7th Cir. Crim. Jury Instr. 6.07. Application of this defense in this case involves factual issues inappropriate for resolution on a motion to dismiss.

## Conclusion

For the reasons stated above, the Court denies the motions to dismiss filed by

defendants Kuchipudi [dkt. no. 268], Moshiri [dkt. no. 285], and May [dkt. no. 282].

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  June 30, 2014