**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13 CR 312** |
| | ) | |
| **EDWARD NOVAK, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

MATTHEW F. KENNELLY, District Judge:

Dr. Venkateswara Kuchipudi is one of eleven defendants charged in the superseding indictment in this case. He has moved to dismiss the charges against him pursuant to Federal Rule of Criminal Procedure 48(a) and 48(b). He contends that the government improperly dismissed a criminal complaint against him to gain a tactical advantage and evade the requirements of the Speedy Trial Act and that the government's actions amount to undue and unfair delay. The Court denies Dr. Kuchipudi's motion for the reasons stated below.

**Background**

On April 15, 2013, the government filed a criminal complaint charging Dr. Kuchipudi and five others with conspiring to pay or receive kickbacks for referring Medicare and Medicaid patients to Sacred Heart Hospital. A warrant was issued for his arrest, and he was arrested on April 16, 2013 and appeared before a magistrate judge that same day. Dr. Kuchipudi was held in custody for three days based on prosecutors'

request for detention.  On April 19, 2013, Dr. Kuchipudi was released on $4 million

bond, secured by about $3.6 million in assets maintained in two investment accounts,

and equity in his home.

Dr. Kuchipudi's arrest triggered the time limits in the Speedy Trial Act, specifically

18 U.S.C. § 3161(b), which states that "[a]ny information or indictment charging an

individual with the commission of an offense shall be filed within thirty days from the

date on which such individual was arrested or served with a summons in connection

with such charges."  On May 9, 2013, the government requested and obtained a ninety

day extension of time to obtain an indictment, citing the need for further investigation of

the conduct alleged in the complaint.  Neither Dr. Kuchipudi nor any of the others

named in the complaint opposed the government's request for an extension.  The chief

judge granted an extension through August 13, 2013.

On August 7, 2013, the government requested an additional forty-five day

extension, again citing the need for further investigation of the charges.  The motion

indicated that this was the final extension the government would request.  The

defendants other than Dr. Kuchipudi did not oppose the extension, but Dr. Kuchipudi

did.  He argued that he had been prejudiced—citing damage to his reputation, damage

to his medical practice, and emotional distress—and that he would be prejudiced further

by another extension.  On August 9, 2013, the acting chief judge granted the extension

over Dr. Kuchipudi's objection.  That gave the government until September 27, 2013 to

obtain an indictment against Dr. Kuchipudi.  The acting chief judge noted the

government's representation that this was the final extension it would ask and stated

that it was likely this point would be highlighted if the government sought a further

2

extension.

Prior to and after the August 9 court hearing, Dr. Kuchipudi's counsel repeatedly requested access to materials in the government's possession that it had relied upon to charge him and also sought production of exculpatory evidence. The government provided a good deal of material—even though its disclosure obligations under Federal Rule of Criminal 16 had not been triggered, as no indictment was on file—but not all of the material that Dr. Kuchipudi sought.

In late August 2013, Dr. Kuchipudi's attorneys asked to meet with supervisory prosecutors to discuss the allegations against him. An initial meeting took place on September 3, 2013, and the prosecutors agreed to produce certain materials that Dr. Kuchipudi's attorneys had requested. They also arranged a meeting on September 13, 2013 to consider a presentation by Dr. Kuchipudi's attorneys. At that meeting, Dr. Kuchipudi's attorneys described facts, many or most of them contained in materials already in the prosecutors' possession, that they contended undermined the allegations against Dr. Kuchipudi. They asked the prosecutors to consider their contentions and reevaluate the charges against Dr. Kuchipudi.

On September 18, 2013, the prosecutors asked for an additional extension of the Speedy Trial Act to consider the presentation by Dr. Kuchipudi's lawyers. Dr. Kuchipudi's attorneys responded the next day, declining the government's request. They repeated their contention that the evidence negated Dr. Kuchipudi's guilt. They also asked the prosecutors to present the claimed exculpatory evidence to the grand jury if they sought an indictment of Dr. Kuchipudi.

On or about September 19, 2013, the government sought a twenty-eight day

extension of time to return an indictment against the other five defendants, but not as to Dr. Kuchipudi. That motion was granted on September 24, 2013.

On September 25, 2013, the government moved pursuant to Federal Rule of Criminal Procedure 48(a) to dismiss without prejudice the charge against Dr. Kuchipudi contained in the criminal complaint. The motion did not cite reasons for the dismissal. Dr. Kuchipudi filed a written response. In his written submission, Dr. Kuchipudi did not ask the Court to require the government to give a reason for the dismissal. He agreed to the dismissal but reserved the right to later seek dismissal with prejudice.

At the September 26, 2013 hearing on the government's motion, Dr. Kuchipudi's attorney stated, "obviously we agree with the government's voluntary motion to dismiss," and he said that he had made the submission regarding the possibility of dismissal with prejudice "solely to preserve our right" on that point. *See* Gov't Ex. 16 at 3. Counsel did not interpose at the hearing any objection to the government's failure to provide a reason for the dismissal.

The magistrate judge dismissed the complaint as to Dr. Kuchipudi without prejudice, though he left it open for Dr. Kuchipudi to argue for dismissal with prejudice if the government later returned charges against him. Following the dismissal, the collateral that was being held to secure Dr. Kuchipudi's bond was released, and, of course, he was no longer under the restrictions imposed by the release order that the magistrate judge had previously entered.

On October 22, 2013, the government obtained an indictment against other defendants, but not Dr. Kuchipudi. On March 18, 2014, the government obtained a superseding indictment adding Dr. Kuchipudi as a defendant based on charges that

4

were the same or related to the charge that had been made against him in the criminal complaint. Dr. Kuchipudi has moved to dismiss the charges against him on the ground that the government acted in bad faith, to gain a tactical advantage, and essentially evaded the Speedy Trial Act's time limits.

### Discussion

Dr. Kuchipudi first asks the Court to convert the earlier dismissal of the charge in the criminal complaint to a dismissal with prejudice, which he says would have the effect of barring the charges against him found in the superseding indictment. Even though the magistrate judge dismissed the charge without prejudice, the government does not appear to dispute that the Court has the authority to revisit that decision.

Under Rule 48(a), the government may dismiss an indictment, information, or complaint "with leave of court." "The leave of court requirement allows the courts to exercise discretion over the propriety of a prosecutorial motion to dismiss. . . . [T]he primary purpose of the rule is protection of a defendant's rights . . . to prevent harassment of a defendant by charging, dismissing and recharging without placing a defendant in jeopardy." *United States v. Olson*, 846 F.2d 1103, 1113 (7th Cir. 1988) (internal quotation marks omitted). To put it another way, the requirement of court approval exists "to protect a defendant from the government harassing him by repeatedly filing charges and then dismissing them before they are adjudicated." *In re United States*, 345 F.3d 450, 452-53 (7th Cir. 2003). "'The key factor in a determination of prosecutorial harassment is the property . . . of the Government's efforts to terminate the prosecution—the good faith . . . of the Government in moving to dismiss.'" *Olson*, 846 F.2d at 1114 (quoting *United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982)).

It seems relatively clear that the government dismissed the charge against Dr. Kuchipudi so that it could consider the presentation that his lawyers made in their September 13, 2013 meeting with prosecutors. The dispute primarily involves how one characterizes that decision and what followed it. The government says that it was acting in good faith to reassess its case based on defense counsel's presentation. Dr. Kuchipudi says that the prosecutors acted in bad faith to obtain a tactical advantage over him, getting his lawyers' take on the case against him and then marshaling evidence to refute his potential defenses.

It is difficult to understand how Dr. Kuchipudi can legitimately criticize the prosecutors for looking at the evidence to assess the points defense counsel made in their written and oral presentations. Defense counsel obviously made their presentations expecting to generate a response. The response—an eventual indictment—was not the one they hoped for, but it can hardly be considered a surprise. Rather, it was one of several predictable alternative outcomes. Indeed, in the correspondence that followed the meeting, it appears that Dr. Kuchipudi's lawyers anticipated that the prosecutors might seek an indictment: they asked the prosecutors to present their exculpatory contentions to the grand jury if charges were sought.

In addition, there was nothing that required Dr. Kuchipudi to cause his lawyers to make their presentation to the prosecutors; he and the lawyers acted voluntarily. The Court sees no legitimate basis for Dr. Kuchipudi to leverage this into a basis for dismissal.

It may be true, as Dr. Kuchipudi argues, that prosecutors gained a tactical advantage from getting a preview of his lawyers' take on the evidence. But given the

6

circumstances just described, this cannot be considered unfair. If Dr. Kuchipudi did not want the government to know how he would defend the charge pending against him, his lawyers should not have discussed their contentions with the prosecutors.

Similarly, one cannot legitimately characterize the prosecutors' actions as amounting to bad faith. Rather, based on the record before the Court, the prosecutors acted in good faith in determining that it was inappropriate to indict Dr. Kuchipudi before giving full consideration to the presentation his lawyers had given. And there is no basis in the record to support a finding that the prosecutors acted in anything other than good faith in determining later that it was appropriate to seek an indictment against Dr. Kuchipudi despite his lawyers' presentation.

In seeking dismissal of the criminal complaint with prejudice, Dr. Kuchipudi relies on cases in which the government has dropped charges on the eve of trial, only to return the same or similar charges later. *See, e.g., United States v. Derr*, 726 F.2d 617 (10th Cir. 1984). The courts in those cases found the government's conduct to amount to harassment, and this Court fully agrees with those decisions. But those cases are nothing like this one. The case against Dr. Kuchipudi got nowhere near trial prior to the September 25 dismissal, nor could it have, as there was no indictment or even a Speedy Trial Act-imposed deadline to try the case (as opposed to a deadline to obtain an indictment).

Finally, in requesting dismissal of the complaint against Dr. Kuchipudi in September 2013, the government was not "motivated by considerations clearly contrary to the public interest." *Salinas*, 693 F.2d at 351. Rather, the record reflects that it acted in good faith to reassess its case in light of the factors addressed by Dr. Kuchipudi's

counsel at their September 13 meeting.

For these reasons, the Court concludes that Dr. Kuchipudi is not entitled to dismissal of the complaint with prejudice under Rule 48(a).  *See generally United States v. Dyal*, 868 F.2d 424 (11th Cir. 1989).

Dr. Kuchipudi alternatively seeks dismissal of the indictment under Federal Rule of Criminal Procedure 48(b), which provides that a court "may dismiss an indictment, information, or complaint if unnecessary delay occurs" in obtaining charges or bringing a defendant to trial.  Fed. R. Crim. P. 48(b).  Given the circumstances discussed above, the Court cannot conclude the delay here was "unnecessary."  Rather, it was occasioned by the prosecutors' understandable need to evaluate and determine how to deal with the points made by Dr. Kuchipudi's lawyers at the September 13 meeting.  There is nothing in the record that would support a finding that the government delayed any longer than was appropriate to make that evaluation.

In addition, for the reasons described earlier, the government did not use "delay [as] an intentional device to gain tactical advantage over the accused," *United States v. Marion*, 404 U.S. 307, 324 (1971), even if it might be claimed that the government ultimately ended up with tactical gains.   Moreover, the government's actions did not "cause substantial prejudice to [Dr. Kuchipudi's] right to a fair trial," *id.*, which *Marion* says is a condition for finding that preindictment delay violates a defendant's due process rights.  Indeed, Dr. Kuchipudi has identified no cognizable prejudice from the way in which the prosecutors acted.  He was under no restriction connected with the criminal case in the period between the dismissal of the complaint and the return of the superseding indictment that named him; his bond had been exonerated; and he did not

8

have criminal charges hanging over his head. No evidence has been lost, and there is no indication that the six month delay has adversely impacted Dr. Kuchipudi's ability to defend the charges against him. The government may now be somewhat better off from a tactical standpoint than it was before, but as the Court has indicated that does not amount to unfair or even cognizable prejudice.

Finally, there is no basis to conclude that the government's actions ran afoul of the Speedy Trial Act. The Act imposes a limit on how long a government can wait after arresting a defendant to obtain an indictment, but it does not say that if the government does not hit that mark, it necessary loses the right to bring criminal charges against the defendant. Rather, the decision whether a Speedy Trial Act dismissal is with or without prejudice is discretionary. *See, e.g., United States v. Sykes*, 614 F.3d 303, 309 (7th Cir. 2010). The same factors described earlier—including the absence of bad faith by the government and the lack of cognizable prejudice to Dr. Kuchipudi—lead the Court to conclude that there is no basis to disturb the magistrate judge's decision to dismiss without prejudice.

## Conclusion

For the reasons stated above, the Court denies defendant Venkateswara Kuchipudi's motion to dismiss the criminal complaint and the superseding indictment with prejudice [dkt. no. 269].

MATTHEW F. KENNELLY
United States District Judge

Date: August 7, 2014

9